**Iftikhar Ahmed MEMON,
Plaintiff-Appellant,**

v.

**WESTERN TECHNICAL COLLEGE,
Defendant-Appellee.**

**No. 16-1814**

United States Court of Appeals,
Seventh Circuit.

Submitted December 12, 2016 *

Iftikhar A. Memon, Pro Se

Ellen M. Frantz, Attorney, Johns, Flaherty & Collins, SC, La Crosse, WI, for Defendant-Appellee

Before MICHAEL S. KANNE, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge, DAVID F. HAMILTON, Circuit Judge

### ORDER

Iftikhar Ahmed Memon appeals the grant of summary judgment against him in this employment-discrimination suit asserting that Western Technical College denied him an interview for an associate-dean position on the basis of his race, color, national origin, religion, sex, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a). We affirm.

Memon, a 46-year-old man who describes himself as Asian, American-Pakistani, and Muslim, applied in 2014 for the "Associate Dean-General Studies" position at Western Technical College in La Crosse, Wisconsin. The web posting for

---

* We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

the position listed several requirements, including a Master's Degree, full-time teaching experience, and "occupational" experience (supervisory experience preferred); preferred candidates also would have "additional training in higher educational leadership." Memon submitted an online application with his resume and transcripts, which showed that he holds Master's degrees in education and agricultural economics and that he worked as a tutor for middle- and high-school students from 2008 to 2014. He also directed an English learning center in Pakistan teaching English as a second language part-time from 1986 to 1996 and lectured at Sindh Agricultural University Tando Jam in Pakistan for at least two years between 1994 and 1999. Memon had no additional training in higher-education leadership.

Memon was one of 47 applicants. He, along with 44 others, was rated "minimally qualified" by a "selection team" of seven administrative and faculty employees. The selection team then then winnowed the list to four, based on six criteria that included training, experience, and written materials. Memon was not selected to interview. His supervisory experience was considered weak, and he had no training in higher-education leadership. His cover letter was also described as "inferior as to quality, containing typographical errors, and not directed to the position for which he was applying." The four applicants invited to interview included a dean at a technical college; a high-school principal with more than ten-years' experience; a higher-education administrator from Switzerland; and a high-school administrator with 19-years' experience, much of it supervisory, who also taught a "hybrid graduate course in curriculum and instruction" at UW-Stevens Point (she eventually got the job).

When Memon learned that he was not selected to interview, he sued, asserting that the College's failure to interview and hire him amounted to "mass passive racism." Memon argued that the selection team must have inferred his race, color, national origin, and religion from his submitted materials, which reflected his work and educational background in Pakistan and listed his religion as Islam. He also contended that the College discriminated against him based on his sex and age.

The district court granted summary judgment for the College, concluding that Memon failed to provide "direct" evidence of discrimination or evidence that raised an inference of discrimination under the "indirect method" of proof as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Regarding Memon's attempt to prove discrimination under the "indirect method," the court found that he failed to provide evidence that could lead a reasonable jury to find that he was more qualified or that the College's reasons for not interviewing him were pretextual.

Memon's brief on appeal is difficult to parse, but he first seems to challenge the district court's conclusion that he failed to provide evidence of his superior qualifications. He points to the court's statement that it could not say "as a matter of law" that the College was "correct about its assessments" of its preference that applicants be trained in leadership in a college setting. Memon, however, overlooks the court's subsequent observation that "even assuming that defendant erred in concluding that [two of the applicants] met this preferred [higher-education leadership] qualification while plaintiff did not, the error alone does not prove pretext." As the court explained, the College had "other reasons" to conclude that Memon was not as qualified as the two applicants in question—namely that Memon had comparably "weak or non-existent" supervisory experi-

ence, that the selection committee had regarded his cover letter and resume as poor and unfocused, and that he neither had nor was in the process of completing a doctorate. Even if the selection team misunderstood or incorrectly evaluated the credentials, a mistake does not prove discrimination "so long as the decision-maker honestly believed the non-discriminatory reason." *Liu v. Cook Cnty.*, 817 F.3d 307, 316 (7th Cir. 2016).

Second, Memon asserts that he has "new evidence" that shows that the College's decision was discriminatory—Memon's own computations disputing the number of hours specified by each applicant as their experience for various jobs and training activities. But these computations do not call into question the conclusion, correctly reached by the district court, that the College reasonably discounted Memon's qualifications relative to the other candidates' credentials. *See Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 894–95 (7th Cir. 2016); *Liu*, 817 F.3d at 316.

One note of clarification. In its discussion of Memon's proof of discrimination under the direct method, the district court stated that Memon could support his claim by constructing a "convincing mosaic" of circumstantial evidence. This phrase, often used by this court but intended merely as a metaphor to supplement unhelpful direct and indirect methods of proof, has been misunderstood and misapplied, and we recently reiterated that it is not to be treated as a legal requirement. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The inquiry that must be considered, instead, is "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the … adverse employment ac-

tion." *Id.* Notwithstanding the district court's understandable reference to the "convincing mosaic," we believe that the court adequately evaluated the evidence as a whole and appropriately found it wanting.

Finally, Memon has asked this court to recruit counsel for him. Like the district court, which denied Memon's prior request for counsel, we agree that Memon was capable of litigating his own case. *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc).

We have considered Memon's other arguments and none has merit. Accordingly the motion for recruitment of counsel is DENIED and the judgment is AFFIRMED.